UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KADEEM EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendant. | 1:23-cv-01180-NODJ-SKO (PC)<br><br>**ORDER GRANTING PLAINTIFF NINETY DAYS TO IDENTIFY JANE DOE L.V.N.** |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT BACKGROUND**

Plaintiff initiated this action with the filing of his complaint on August 9, 2023. (Doc. 1.) Plaintiff named the California Department of Corrections and Rehabilitation, Jane Doe, L.V.N., and John Does 1 through 10 as defendants. (*Id*.)

In its First Screening Order issued November 6, 2023, the Court found Plaintiff had stated a cognizable claim for a deliberate indifference to serious medical needs against Jane Doe, L.V.N. (Doc. 10 at 4-7.) Additionally, the Court found Plaintiff had not stated a cognizable claim against any other named defendant. (*Id*.) Plaintiff was afforded the opportunity to (1) file written notice that he did not wish to file a first amended complaint and was willing to proceed only on his

1 claims for deliberate indifference to serious medical needs against Jane Doe L.V.N. only, the
2 remaining claims against any remaining defendant to be dismiss; (2) file a first amended
3 complaint curing the deficiencies identified in the screening order; or (3) file a notice of voluntary
4 dismissal. (*Id*. at 8-9.)
5 On November 27, 2023, Plaintiff filed written notice with this Court, indicating he did not
6 wish to file an amended complaint and was willing to proceed on the claim found cognizable by
7 the Court. (Doc. 11.)
8 On December 4, 2023, the undersigned issued Findings and Recommendations to Dismiss
9 Claims and Defendants. (Doc. 13.) The Court recommended that this action proceed only on
10 Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against
11 Defendant Jane Doe L.V.N., the remaining claims in Plaintiff's complaint to be dismissed, and
12 that the California Department of Corrections and Rehabilitation and John Does 1 through 10 be
13 dismissed from this action. (*Id*. at 2.) Plaintiff was afforded 14 days within which to file any
14 objections. (*Id*.) No objections were filed.
15 On January 18, 2024, Chief District Judge Kimberly J. Mueller issued an Order Adopting
16 Findings and Recommendations to Dismiss Certain Claims and Defendants. (Doc. 14.) The
17 California Department of Corrections and Rehabilitation and John Does 1 through 10 were
18 dismissed from the action, the matter was ordered to proceed on Plaintiff's Eighth Amendment
19 claim of deliberate indifference to serious medical needs against Jane Doe L.V.N. only, and the
20 remaining claims in the complaint were dismissed. (*Id*. at 2.)
21 The undersigned now addresses the issue of Plaintiff's need to identify Jane Doe L.V.N.
22 against whom his deliberate indifference to serious medical needs claim proceeds.
23 **II.    DISCUSSION**
24 Defendant Jane Doe L.V.N., employed at Valley State Prison in Chowchilla, California, is
25 presently unknown to Plaintiff as set forth in his Complaint.  (Doc. 1 at 1-3.) Plaintiff alleges Jane
26 Doe L.V.N. refused to provide him treatment on December 3, 2022. (*Id*. at 3.)
27 The United States Marshal cannot serve a Doe defendant, and Plaintiff will be required to
28 identify the individual with sufficient information so he or she can be located for service of

1    process. Plaintiff will be given the "'opportunity through discovery to identify the unknown

2    (Doe) defendants.'" *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013).

3    As previously noted, this action proceeds on Plaintiff's Eighth Amendment deliberate

4    indifference to serious medical needs claim against Defendant Jane Doe, L.V.N. (Doc. 14.)

5    Although Plaintiff has stated a plausible claim against the Jane Doe L.V.N., the Court will not

6    require service on this defendant at this time. The Ninth Circuit has held that where identity is

7    unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through

8    discovery to identify the unknown defendants unless it is clear that discovery would not uncover

9    the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*,

10   177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.

11   1980)). Here, it is not clear that discovery would not uncover the identity of Jane Doe L.V.N., nor

12   it is clear that Plaintiff's complaint would be dismissed on other grounds. Thus, Plaintiff should

13   be afforded an opportunity to discover Jane Doe's identity through limited discovery.

14   Rule 45 of the Federal Rules of Civil Procedure concerns subpoenas. Plaintiff is advised

15   the Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff

16   is subject to limitations. Because personal service of a subpoena duces tecum is required (Fed. R.

17   Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a

18   subpoena is not taken lightly by the court. *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008

19   WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include the

20   relevance of the information sought, as well as the burden and expense to the non-party in

21   providing the requested information. Fed. R. Civ. P. 26, 45.

22   A motion for issuance of a subpoena duces tecum should be supported by identification of

23   the documents sought and a showing that the records are obtainable only through the identified

24   third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010 WL 1948560, *1

25   (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS (PC), 2010 WL

26   148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to

27   burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a

28   subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are

"entitled to have the benefit of the Court's vigilance" in considering these factors. *Id.*

### III.     CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS Plaintiff ninety (90) days** in which to discover the name of the Jane Doe L.V.N., through subpoena or otherwise, and to substitute this defendant's actual name by filing a "notice of substitution." If, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual name of Jane Doe L.V.N., the Court will recommend dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated:     **January 19, 2024**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE