UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KADEEM EDWARDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　　Defendant. | 1:23-cv-01180-KES-SKO (PC)<br><br>**ORDER GRANTING <u>IN PART</u> DEFENDANT'S REQUEST FOR AN EXTENSION OF TIME WITHIN WHICH TO FILE A RESPONSIVE PLEADING**<br><br>(Doc. 23) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　INTRODUCTION**

Following screening and service of process, this action proceeds against Defendant Bassi on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim.

On April 19, 2024, Defendant filed a waiver of service. (Doc. 22.) A responsive pleading is due to be filed on or before May 21, 2024. (*Id*.) On May 16, 2024, Defendant filed a request for extension of time within which to respond to Plaintiff's complaint. (Doc. 23.)

**II.　　DISCUSSION**

Defendant seeks a 45-day extension of time within which to file a responsive pleading to Plaintiff's complaint. (Doc. 23.) Defendant's request is supported by the Declaration of Deputy

1

Attorney General John W. Nam. (*Id*. at 3-4.) Defense counsel states he has recently been assigned to represent Defendant Bassi in this action. (*Id*. at 3, ¶ 1.) Upon assignment, he immediately requested his paralegal prioritize "opening the case and requesting Plaintiff's medical and central file records" and other relevant records, to evaluate the complaint and determine the appropriate response. (*Id*. at 3, ¶ 2.) Counsel states he expects those records "will consist of several thousand pages in length" and that upon receipt of the documents he expects a review "will be time-consuming and must be balanced against the demands" of his existing caseload and deadlines previously set in other matters. (*Id*.) Counsel believes a 45-day extension of time, up to and including July 5, 2024, will allow him to "receive and complete the substantial task of reviewing Plaintiff's central file, medical records, and administrative grievances." (*Id*. at 3, ¶ 3.)

Counsel expects he will then be able to determine a course of action regarding the filing of a responsive pleading, and states the request should not significantly impact the progress of this action, nor should it unfairly prejudice Plaintiff. (*Id*.) Counsel states this is the first request for an extension of time to respond to Plaintiff's complaint, and the request is not brought for the purpose of harassment, undue delay, or any other improper purpose. (*Id*. at 3, ¶ 4.)  Finally, defense counsel states Plaintiff cannot be easily contacted about an extension of time due to his incarceration. (*Id*. at 3, ¶ 5.)

For good cause shown, Defendant will be granted an extension of 30 days, from May 21, 2024, within which to file a responsive pleading. In the event more time is needed to prepare a responsive pleading, Defendant may seek a second extension of time. If a second request becomes necessary, defense counsel should provide specific information regarding the progress of his review and any competing obligations and impending deadlines in his existing caseload that make filing a responsive pleading in this action impracticable.

### III.     CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's request for

2

an extension of time within which to file a responsive pleading (Doc. 23) is **GRANTED IN PART**. Defendant **SHALL** file a responsive pleading **no later than June 20, 2024**.

IT IS SO ORDERED.

Dated:   **May 16, 2024**                              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

3