1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10

11   KADEEM EDWARDS,                          1:23-cv-01180-KES-SKO (PC)

12                  Plaintiff,

13          v.                                **FINDINGS AND RECOMMENDATIONS TO
                                              DISMISS ACTION FOR PLAINTIFF'S
14   CALIFORNIA DEPARTMENT OF                 FAILURE TO KEEP THE COURT
     CORRECTIONS AND                          APPRISED OF HIS CURRENT ADDRESS**
15   REHABILITATION,
                                              **14-DAY OBJECTION PERIOD**
16                  Defendant.

17

18          Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in a civil rights action

19   pursuant to 42 U.S.C. § 1983. Following screening of Plaintiff's complaint, this action proceeds

20   on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against

21   Defendant Bassi.

22          **I.      RELEVANT BACKGROUND**

23          On March 14, 2024, Chief United States District Judge Kimberly J. Mueller issued an

24   Order of Reassignment, reassigning this action from "No District Court Judge (NODJ) to District

25   Judge Kirk E. Sherriff for all further proceedings." (Doc. 20.) The order was served on the parties

26   that same date. On March 28, 2024, the United States Postal Service (USPS) returned the mail

27   directed to Plaintiff; the envelope was marked "Undeliverable, Return to Sender, Refused, Unable

28   to Forward." (Docket entry dated 3/28/24.)

1

1    ## II.    DISCUSSION

2                    *Applicable Legal Standards*

3    The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that a

4    "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may

5    be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule

6    or within the inherent power of the Court." Local Rule 110. "District courts have inherent power

7    to control their dockets" and, in exercising that power, may impose sanctions, including dismissal

8    of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

9    A court may dismiss an action based on a party's failure to prosecute an action, obey a court

10   order, or comply with its local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th

11   Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v.*

12   *U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a

13   court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to

14   prosecute and to comply with local rules).

15   Local Rule 183(b) provides:

16   **Address Changes.**  A party appearing in propria persona shall keep the Court and
     opposing parties advised as to his or her current address.  *If mail directed to a*

17   *plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and*
     *if such plaintiff fails to notify the Court and opposing parties within sixty-three (63)*

18   *days thereafter of a current address*, the Court may dismiss the action without

19   prejudice for failure to prosecute.

20   (Bold in original; italics added.) Rule 41(b) of the Federal Rules of Civil Procedure also provides

21   for dismissal of an action for failure to prosecute.[1]

22                    *Analysis*

23   Pursuant to Local Rule 183(b), Plaintiff's notice of change of address was due 63 days

24   after March 28, 2024. More than 63 days have passed since the mail directed to Plaintiff was

25   returned to the Court. The Court's docket currently reflects Plaintiff is incarcerated at Valley

26   State Prison (VSP) in Chowchilla, California; however, the Order of Reassignment directed to

27   ───────────────────

28   [1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute.
     *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

Plaintiff at VSP was returned to the Court marked "Undeliverable, Return to Sender, Refused, Unable to Forward." Plaintiff has failed to file a timely notice change of address and has not otherwise been in contact with the Court. Therefore, Plaintiff has failed to comply with this Court's Local Rules and in doing so, is failing to prosecute this action.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do and are not conditions that must be met for a court to act. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Plaintiff's failure to file a timely notice of change of address weighs in favor of dismissal. Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to keep the Court apprised of his current address. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket —weigh in favor of dismissal. *Carey*, 856 F.2d at 1440-41; *Henderson*, 779 F.2d at 1423; *In re PPA*, 460 F.3d at 1227.

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's case has been pending since August 9, 2023, and his last filing occurred on November 27, 2023. (*See* Doc. 11 [notice to proceed on cognizable claims].) The third factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward

1   disposition on the merits but whose conduct impedes progress in that direction." It appears

2   Plaintiff is not moving this case forward toward disposition on the merits because mail directed to

3   Plaintiff was returned marked undeliverable and Plaintiff has not advised the Court of any change

4   of address. Therefore, the fourth factor also weighs in favor of dismissal. *Carey*, 856 F.2d at

5   1440-41; *Henderson*, 779 F.2d at 1423.

6        Finally, the Court's warning to a party that failure to obey the court's order will result in

7   dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.

8   In this Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued

9   August 9, 2023, Plaintiff was warned as follows: "In litigating this action, the parties must

10  comply with this Order, the Federal Rules of Civil Procedure ('Fed. R. Civ. P.'), and the Local

11  Rules of the United States District Court, Eastern District of California ('Local Rules'), as

12  modified by this Order. Failure to so comply will be grounds for imposition of sanctions which

13  may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 3 at 1.) In

14  that same order, Plaintiff was warned that a "pro se plaintiff must keep the Court and opposing

15  parties informed of the party's correct current address," citing Local Rule 182(f). (*Id.* at 5.) The

16  Order further warned that if "a pro se plaintiff's address is not updated within sixty-three (63)

17  days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute,"

18  citing to Local Rule 183(b). (*Id.*) Plaintiff was also provided with a blank Notice of Change of

19  Address form. (*Id.* at 7.) Finally, Plaintiff was warned regarding the potential for dismissal in the

20  Court's First Screening Order issued November 6, 2023. (*See* Doc. 10 at 9.) Thus, the

21  undersigned finds Plaintiff had adequate warning that dismissal could result from his

22  noncompliance with the Court's Local Rules. In sum, the fifth factor weighs in favor of dismissal.

23  *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440-41.

24       **III.    CONCLUSION AND RECOMMENDATION**

25       For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this action be

26  dismissed, without prejudice, for Plaintiff's failure to keep the Court apprised of his current

27  address in compliance with this Court's Local Rules.

28  //

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 30, 2024**                    /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE

5