1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    KADEEM EDWARDS,                      1:23-cv-01180-KES-SKO (PC)

12                  Plaintiff,             **ORDER STAYING THE DEADLINE FOR
                                           THE FILING OF A RESPONSIVE**
13          v.                             **PLEADING**

14    CALIFORNIA DEPARTMENT OF             **ORDER DIRECTING DEFENSE COUNSEL
      CORRECTIONS AND                      TO RE-SERVE DEFENDANT BASSI WITH**
15    REHABILITATION,                      **THE MOTION TO WITHDRAW AS
                                           ATTORNEY TO DEFENDANT BASSI'S**
16                  Defendant.             **LAST KNOWN ADDRESS**

17                                         **ORDER REQUIRING ADDITIONAL
                                           BRIEFING CONCERNING THE MOTION**
18                                         **TO WITHDRAW AS ATTORNEY FOR
                                           DEFENDANT S. BASSI**
19

20

21          Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in a civil rights action

22   pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Bassi on Plaintiff's Eighth

23   Amendment deliberate indifference to serious medical needs claim.

24          I.      INTRODUCTION

25          On April 19, 2024, Defendant Bassi filed a waiver of service. (Doc. 22.) A responsive

26   pleading was due to be filed on or before May 21, 2024. (*Id.*)

27          On May 16, 2024, Defendant filed a request for a 45-day extension of time within which

28   to respond to Plaintiff's complaint. (Doc. 23.) The following day, the Court issued its Order

                                                1

1   Granting in Part Defendant's Request for an Extension of Time Within Which to File a

2   Responsive Pleading. (Doc. 24.) Defendant was granted a 30-day extension of time, to and

3   including June 20, 2024. (*Id*. at 2.)

4       On June 19, 2024, Defendant filed a second request for a 45-day extension of time within

5   which to file a responsive pleading. (Doc. 25.) The following day, the Court issued its Order

6   Granting Defendant's Second Request for an Extension of Time Within Which to File a

7   Responsive Pleading. (Doc. 26.) Defendant was granted a 45-day extension of time, to and

8   including August 5, 2024. (*Id*. at 3.)

9       On July 30, 2024, a Notice of Motion and Motion to Withdraw as Counsel for Defendant

10  S. Bassi was filed with the Court. (Doc. 27.) The motion is supported by the Declaration of John

11  W. Nam. (Doc. 27-1.)

12      **II.      DISCUSSION**

13          ***The Motion to Withdraw as Counsel***

14      Defense counsel states he has been unable to contact Defendant Bassi to discuss the

15  defense of this case despite his efforts and those of the California Department of Corrections and

16  Rehabilitation (CDCR). (Doc. 27 at 2.) He seeks an order permitting his withdrawal due to

17  Bassi's lack of communication. (*Id*.) Citing to Rule 1.16(b)(4) of the California Rules of

18  Professional Conduct, this Court's Local Rule 182(d), and opinions of the California State Bar,

19  counsel asserts that "[b]ecause Defendant Bassi's address is unknown, this notice of motion and

20  motion will also be served upon the court clerk in compliance with Federal Rule of Civil

21  Procedure 5(b)(2)(D)." (*Id*.) Defense counsel contends Defendant Bassi has contacted his office

22  "for a few months" and he is "presently unable to locate Defendant Bassi." (*Id*.) He states that he

23  has no option but to seek permission to withdraw because Bassi has failed to cooperate in the

24  defense of the matter, "and the ongoing inability locate her" has left him with no other option.

25  (*Id*.) Defense counsel states that upon his withdrawal, Defendant Bassi would be unrepresented

26  by counsel unless he retains counsel of her own choosing. (*Id*.) He requests a sixty-day extension

27  of the deadline for the filing of a responsive pleading, commencing after any ruling on the instant

28  motion. (*Id*.)

2

1    In the supporting declaration, defense counsel states he was assigned this matter in early

2  April 2024, and immediately requested that his paralegal "prioritize opening the case and

3  requesting all relevant records," to assist in evaluating the complaint and determining an

4  appropriate response. (Doc. 27-1, ¶ 2.) Counsel states that includes "making contact with

5  Defendant Bassi, who was employed by CDCR at the time of the incident described" in the

6  complaint. (*Id*.) Counsel states he received confirmation from CDCR that Defendant Bassi

7  requested legal representation from the Attorney General's Office and that Bassi was "advised

8  that she was required to cooperate with the defense of this matter in order to continue to receive

9  legal representation." (*Id*.)

10    Defense counsel states that for the past several months he has attempted to contact

11  Defendant Bassi but has been unable "to reach Defendant Bassi through the points of contact that

12  she provided." (*Id*., ¶ 3.) A paralegal in his office "located additional addresses, email addresses,

13  and a phone number associated with Defendant Bassi," noting that if requested by the Court,

14  counsel would provide that information under seal. (*Id*., ¶ 4 & n.1.) Counsel states that earlier

15  this month, he "made several more attempts to contact Defendant Bassi by U.S. certified mail and

16  at the phone number she provided at the initiation of this matter." (*Id*., ¶ 5.) He asked Bassi to

17  contact his office as soon as possible to discuss the case. (*Id*.) He also informed Bassi that if she

18  did not contact his office soon, the Attorney General's Office "would withdraw our representation

19  of her in this matter." (*Id*.) Finally, counsel indicates Defendant Bassi has not responded to the

20  attempts to contact her to discuss the case. (*Id*., ¶¶ 5, 6.)

21    *Analysis*

22    As an initial matter, the Court will stay the current deadline of August 5, 2024, for the

23  filing of a responsive pleading. The Court will reset the deadline following resolution of the

24  motion.  The Court next addresses the service of the instant motion upon Defendant Bassi.

25    Rule 5(b) of the Federal Rules of Civil Procedure states in relevant part: "(2) *Service in*

26  *General*. A paper is served under this rule by: [¶] (D) leaving it with the court clerk if the person

27  has no known address." Defense counsel's declaration indicates he has a last known address for

28  Defendant Bassi because he directed certified mail to her at some point in the past. His

declaration also indicates he is in possession of "additional addresses" for Defendant Bassi as identified by a paralegal in his office. Therefore, service of the motion to withdraw as attorney pursuant to Rule 5(b)(2)(D) is not appropriate. Defense counsel will be directed to re-serve his motion to Defendant Bassi at her last known address(es), and a copy of this Court's order will accompany re-service of the motion. To ensure confidentiality and to protect any attorney-client privilege, defense counsel will file only a notice with this Court indicating he has complied with the Court's directive. In other words, he should not file a proof of service including any last known address(es) for Defendant Bassi with the Court to ensure Defendant Bassi's privacy.

### *Order for Supplemental Briefing*

The Court will also order supplemental briefing by defense counsel. Counsel shall advise the Court whether Defendant Bassi remains employed by CDCR. The motion and declaration are unclear as to whether Bassi has left CDCR's employment. While counsel states he has been unable to contact Bassi, it is unclear whether he has attempted to reach Bassi at her place of employment, assuming she is still employed by CDCR.  The Court also notes that while defense counsel states CDCR has also made efforts to contact Defendant Bassi, no information is provided concerning these efforts.  Counsel shall explain why he reached out to Bassi "through the points of contact that she provided" (presumably at or near the time she agreed to waive service), but has apparently not tried contacting her at the "additional addresses, email addresses, and at a phone number" that a paralegal with his office was able to locate. Finally, defense counsel shall explain why he recently attempted to reach Defendant Bassi "at the phone number she provided at the initiation of this matter," but did not attempt to do so using the additional telephone number he now possesses for Bassi.

### III.    CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.    The August 5, 2024, deadline for the filing of a responsive pleading is **STAYED** pending the outcome of the motion to withdraw as attorney;

2.    Defense counsel **SHALL** re-serve Defendant Bassi with the motion to withdraw as attorney, as well as a copy of this Order, to Bassi's *last known address(es)*, **within 5**

4

**days** of the date of service of this order. On that same date, defense counsel **SHALL** file a notice with this Court indicating he has complied with the Court's directive; and

3. Defense counsel **SHALL** file a supplement brief, **within 14 days** of the date of this order, addressing the Court's inquiries as outlined above.

IT IS SO ORDERED.

Dated:   __**July 30, 2024**__                              ____/s/ *Sheila K. Oberto*____
                                                            UNITED STATES MAGISTRATE JUDGE