UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KADEEM EDWARDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　Defendant. | 1:23-cv-01180-KES-SKO (PC)<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT BASSI**<br><br>(Doc. 27) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. Following screening, this action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Bassi.[1]

**I.　　RELEVANT BACKGROUND**

On February 28, 2024, the Court issued its Order Finding Service Appropriate. (Doc. 18.) Service was to be affected on Sukhmani Bassi, a licensed vocational nurse employed at Valley State Prison in Chowchilla, California. (*Id*. at 1-4.)

---

[1] The California Department of Corrections and Rehabilitation and John Does 1 through 10 were dismissed from this action on January 18, 2024. (Doc. 14.) Sukhmani Bassi was substituted in place for Jane Doe L.V.N. on February 26, 2024. (Doc. 17.)

1

1  On March 22, 2024, a notice of intent to waive service was filed on Bassi's behalf (Doc. 21) and a waiver of service was filed April 19, 2024 (Doc. 22). The Court granted requests for extensions of time concerning the filing of a responsive pleading, (*See* Docs. 24 & 26), and a responsive pleading was to be filed no later than August 5, 2024 (Doc. 26 at 3).

On July 30, 2024, defense counsel filed a motion seeking to withdraw as counsel of record for Defendant Bassi. (Doc. 27.)

On July 31, 2024, the Court issued its "Order Staying the Deadline for the Filing of a Responsive Pleading, Order Directing Defense Counsel to Re-Serve Defendant Bassi with the Motion to Withdraw as Attorney to Defendant Bassi's Last Known Address, Order Requiring Additional Briefing Concerning the Motion to Withdraw as Attorney for Defendant S. Bassi." (Doc. 29.)

On August 2, 2024, defense counsel filed notice indicating compliance with the Court's July 31, 2024, order to re-serve Defendant Bassi at her last known address. (Doc. 30.)

On August 12, 2024, defense counsel filed supplemental briefing in support of the motion to withdraw as attorney of record. (Doc. 31.)

## II.  DISCUSSION

Defense counsel, John W. Nam of the California Attorney General's Office, seeks to withdraw as counsel of record for Defendant Bassi on the grounds that Bassi's failure to cooperate with defense counsel has rendered it impossible to provide legal services in an appropriate manner. In the Eastern District of California, the conduct of counsel is governed by the Rules of Professional Conduct required of members of the State Bar of California. Local Rule 182(d) addresses the standards for an attorney withdrawing as counsel of record. It reads, in pertinent part:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty

2

of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Local Rule 182(d). Under the Rules of Professional Conduct of the State Bar of California, an attorney may request permission to withdraw for certain reasons. Rule 1.16 concerns declining or terminating representation of a client. It provides as follows:

> (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
>
> (1) the lawyer knows or reasonably should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person;
>
> (2) the lawyer knows or reasonably should know that the representation will result in violation of these rules or of the State Bar Act;
>
> (3) the lawyer's mental or physical condition renders it unreasonably difficult to carry out the representation effectively; or
>
> (4) the client discharges the lawyer.
>
> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>
> (1) the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;
>
> (2) the client either seeks to pursue a criminal or fraudulent course of conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes was a crime or fraud;
>
> (3) the client insists that the lawyer pursue a course of conduct that is criminal or fraudulent;
>
> (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;
>
> (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the

3

        breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;

        (6) the client knowingly and freely assents to termination of the representation;

        (7) the inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal;

        (8) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively;

        (9) a continuation of the representation is likely to result in a violation of these rules or the State Bar Act; or

        (10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Rules of Prof. Conduct., Rule 1.16.

        Defense counsel's declaration and supplemental briefing adequately set forth his numerous attempts to communicate with Defendant Bassi, which were not successful. (*See* Docs. 27-1 & 31.) Defense counsel attempted to contact Bassi through telephone calls, voicemail messages, email, and letters. All these attempts failed and Bassi has not contacted defense counsel for several months. As a result, Bassi has failed to cooperate with defense counsel in the defense of this action. The failure of Bassi to cooperate with counsel in the defense of this action provides grounds for counsel's withdraw, and good cause having been shown, the Court will grant the motion to withdraw.

        Upon issuance of this order, defense counsel will be directed to immediately serve Defendant Bassi with a copy of this order at her last known address. Defense counsel will also be directed to file a notice with the Court, *under seal*, providing Bassi's last known address.[2] The Clerk of the Court will be directed to keep Defendant Bassi's address confidential.

### III.    CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS**:

1. Defense counsel **SHALL** serve a copy of this Order on Defendant Bassi at her last

---

[2] Due to Bassi's previous employment with the California Department of Corrections and Rehabilitation and the subject matter of this action, the confidentiality of her home address is warranted.

known address *upon receipt*;

2. **Within five (5) days** of the date of this Order, Defendant counsel **SHALL** file a notice, *under seal*, providing the Court with Defendant Bassi's last known address;

3. Defense counsel's motion to withdraw as attorney of record (Doc. 27) for Defendant Bassi is **GRANTED**;

4. Attorney John W. Nam of the California Attorney General's Office is **WITHDRAWN** as attorney of record for Defendant Bassi, and Defendant Bassi now proceeds *in propria persona* as defendant in this action; and

5. The Clerk of the Court **SHALL** keep Defendant Bassi's last known address confidential.

IT IS SO ORDERED.

Dated:   **September 19, 2024**          /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE