UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KADEEM EDWARDS,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>          Defendant. | 1:23-cv-01180-KES-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS PREMATURE**<br><br>(Doc. 38)<br><br>**ORDER TO SHOW CAUSE RE DEFENDANT BASSI'S FAILURE TO FILE A RESPONSIVE PLEADING**<br><br>**21-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Bassi on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim.

**I.     BACKGROUND**

On February 28, 2024, the Court issued its Order Finding Service Appropriate, directing service on Sukhmani Bassi, allegedly employed as a licensed vocational nurse at Valley State Prison in Chowchilla in December 2023. (Doc. 18.)

On April 19, 2024, a waiver of service was filed on Defendant Bassi's behalf and a responsive pleading was due to be filed on or before May 21, 2024. (Doc. 22.)

1

1    On May 16, 2024, a request for a 45-day extension of time within which to respond to
2 Plaintiff's complaint was filed with the Court. (Doc. 23.) The request was granted, and a
3 responsive pleading was to be filed no later than June 20, 2024. (Doc. 24.) On June 19, 2024, a
4 second request for a 45-day extension of time was submitted (Doc. 25); it was granted and a
5 responsive pleading was to be filed no later than August 5, 2024 (Doc. 26).

6    On July 30, 2024, a Notice of Motion and Motion to Withdraw as Counsel for Defendant
7 S. Bassi was filed with the Court. (Doc. 27.) On July 31, 2024, the Court issued its Order Staying
8 the Deadline for the Filing of a Responsive Pleading, Order Directing Defense Counsel to Re-
9 Serve Defendant Bassi with the Motion to Withdraw as Attorney to Defendant Bassi's Last
10 Known Address, and Order Requiring Additional Briefing Concerning the Motion to Withdraw as
11 Attorney for Defendant S. Bassi. (*See* Doc. 29.)

12    Following supplemental briefing (*see* Docs. 29 & 31), the Court issued its Order Granting
13 Motion to Withdraw as Counsel for Defendant Bassi on September 19, 2024. (Doc. 34.) Defense
14 counsel was directed to serve Defendant Bassi with a copy of the Court's order at her last known
15 address and to provide the Court with Bassi's last known address under seal and to be kept
16 confidential. (*Id.* at 4-5.) Counsel complied.[1] (*See* Docs. 35-36.)

17    On October 15, 2024, the Court issued its Order Lifting Stay of Deadline for the Filing of
18 a Responsive Pleading, Order Requiring Defendant Bassi to File Response to Plaintiff's
19 Complaint Within Thirty (30) Days, and Order Directing Clerk to Serve Defendant Bassi at Her
20 Last Known Address(es). (Doc. 37.)

21    On October 23, 2024, the Court's October 15 order was returned by the United States
22 Postal Service (USPS) marked "Undeliverable" and "Return to Sender" regarding Defendant
23 Bassi's last known address in Fowler, California.

24    On November 4, 2024, Plaintiff filed a document titled "Order Requesting Default
25 Judgment Fed. R. Civ. P. Rule 55." (Doc. 38.) On that same day, the USPS returned the Court's

---

[1] Former defense counsel provided several last known addresses: a post office box in Chowchilla (matching the address for Valley State Prison), one in Fowler, two in Selma, and one in Santa Cruz; the addresses are kept confidential.

October 15 order marked "Need CDC#," "RTS," "Refused," and "Unable to Forward," regarding Defendant Bassi's last known address in Chowchilla, California.

The Court now addresses Plaintiff's pending motion and Defendant Bassi's failure to file a responsive pleading.

## II. DISCUSSION

### A. Plaintiff's Motion for Default Judgment (Doc. 38) is Premature

Plaintiff contends the record establishes Defendant Bassi was served by the United States Marshal and that "more than 20 days have elapsed" following service. (Doc. 1-2.) He states Defendant has failed to answer or otherwise defend against his complaint. (*Id*. at 2.) Plaintiff also asserts that because Defendant was an employee of the California Department of Corrections and Rehabilitation (CDCR) at the time his claim arose,[2] she is liable and "redress cannot be avoided due to the Attorney General's Office failure to locate defendant." (*Id*.)

This Court's docket reflects that Defendant Bassi, through then counsel Deputy Attorney General Jon Nam, filed a notice of waiver of service on April 19, 2024, making a responsive pleading due May 21, 2024. (Doc. 22.) The Court granted two extensions of time for filing of a responsive pleading, for a total of 90 days. (Docs. 24 & 26.) Before the extended August 5, 2024, deadline lapsed, on July 30, 2024, counsel for Defendant Bassi filed a motion to withdraw as her attorney of record. (Doc. 27.) The following day, the Court directed counsel to re-serve Defendant Bassi with the motion to withdraw and ordered supplemental briefing. (Doc. 29.) Ultimately, the Court issued its Order Granting Motion to Withdraw as Counsel for Defendant Bassi on September 19, 2024. (Doc. 34.) The Court directed defense counsel to serve Defendant Bassi with a copy of that order to her last known address and to provide the last known addresses for Defendant Bassi to the Court under seal. (*Id*. at 4-5.)

Although Defendant Bassi has not filed a responsive pleading following service of process in this action, Plaintiff is not entitled to default *judgment* at this stage. Rule 55 of the Rules of

---

[2] The docket reflects Defendant Bassi is no longer employed with the CDCR. (Doc. 22 [CDCR Notice of E-Service Waiver form reflecting Sukhmani Bassi is "[n]o longer CDCR employee" and waiving personal service] & Doc. 31 at 3, ¶ 2 [same; Declaration of John W. Nam].)

3

1  Civil Procedure addresses default and default judgment. Subdivision (a) provides that "[w]hen a
2  party against whom a judgment for affirmative relief is sought has failed to plead or otherwise
3  defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's
4  default." Fed. R. Civ. P. 55(a). Here, while Defendant Bassi has failed to plead or otherwise
5  defend herself against Plaintiff's allegations, the Clerk of the Court has not entered default against
6  Defendant Bassi, making entry of a default judgment premature. *See, e.g.*, *Israel v. Negrete*, No.
7  2:22-cv-1391 CSK P, 2024 WL 3467066, at *1 (E.D. Cal. July 18, 2024) ("After obtaining a
8  Clerk's entry of default under Rule 22(a), a party may obtain a default judgment under Rule 55(b)
9  of the Federal Rules of Civil Procedure"). Hence, Plaintiff's motion for default judgment will be
10 denied as premature.

**B. Defendant Bassi Will Be Ordered to Show Cause Why Default Should Not Be Entered Against Her**

Out of an abundance of caution given the procedural posture of this action, the Court will issue an Order to Show Cause directed to Defendant Bassi and providing her one final opportunity to respond to Plaintiff's operative complaint.[3] If Defendant Bassi fails to respond to the Court's Order to Show Cause, it would be appropriate for the Clerk of the Court to enter default against her.

### III.    CONCLUSION AND ORDER

For the reasons set forth above, the Court **HEREBY ORDERS**:

1. Plaintiff's motion for default judgment (Doc. 38) is **DENIED** as premature;

2. Defendant Bassi is **ORDERED TO SHOW CAUSE** in writing, **within 21 days of the date of service of this order**, why default should not be entered against her. Alternatively, Defendant Bassi may file a responsive pleading in this action;

3. **Defendant Bassi is advised that a failure to respond to this Order will result in**

---

[3] The Court notes that two of its previous attempts to serve Defendant Bassi with its October 15, 2024, order at her various last known addresses were returned by the USPS. Nevertheless, at least two others served to Defendant Bassi's last known addresses were not returned by the USPS and thus are considered to have been properly served. *See* Fed. R. Civ. P. 5(b)(2)(C) ("mailing [papers] to the person's last known address—in which event service is complete upon mailing"); *see also* Local Rule 135(e).

**default being entered against her by the Clerk of the Court and may result in an entry of default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure;** and

    4. The Clerk of the Court is directed to serve a copy of this order to Defendant Bassi at all last known addresses, kept confidential and accessible only to Court employees, excepting the post office box in Chowchilla, California.

IT IS SO ORDERED.

Dated:   **May 5, 2025**              /s/ *Sheila K. Oberto*
                                                             UNITED STATES MAGISTRATE JUDGE