UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KADEEM EDWARDS, | 1:23-cv-01180-KES-EGC (PC) |
| Plaintiff, | **ORDER DIRECTING CLERK OF THE COURT TO ENTER DEFAULT AS TO SUKHMANI BASSI** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | (Doc. 43) |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Bassi on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim.

I.      RELEVANT PROCEDURAL BACKGROUND

On February 28, 2024, the Court issued its Order Finding Service Appropriate, directing that service be effected on Sukhmani Bassi, a licensed vocational nurse at Valley State Prison in Chowchilla, California. (Doc. 18.)

On April 19, 2024, a waiver of service was filed on Defendant Bassi's behalf and a responsive pleading was to be filed on or before May 21, 2024. (Doc. 22.) On May 16, 2024, a request for a 45-day extension of time to respond to the complaint was filed with the Court. (Doc. 23.) The request was granted, and a responsive pleading was to be filed no later than June 20,

1

2024. (Doc. 24.) On June 19, 2024, a second request for a 45-day extension of time was submitted. (Doc. 25.) The request was granted with a responsive pleading due no later than August 5, 2024. (Doc. 26.)

On July 30, 2024, a Notice of Motion and Motion to Withdraw as Counsel for Defendant S. Bassi was filed with the Court. (Doc. 27.) On July 31, 2024, the Court issued its Order Staying the Deadline for the Filing of a Responsive Pleading. (Doc. 29.) Following supplemental briefing (*see* Docs. 29 & 31), the Court issued its Order Granting Motion to Withdraw as Counsel for Defendant Bassi on September 19, 2024. (Doc. 34.) Defense counsel was directed to serve Defendant Bassi with a copy of the Court's order at her last known address and to provide the Court with Bassi's last known address under seal. (*Id*. at 4-5.) Counsel complied.[1] (*See* Doc. 35.)

On October 15, 2024, the Court issued its Order Lifting Stay of Deadline for the Filing of a Responsive Pleading, Order Requiring Defendant Bassi to File Response to Plaintiff's Complaint Within Thirty (30) Days, and Order Directing Clerk to Serve Defendant Bassi at Her Last Known Address(es). (*See* Doc. 37.)

On November 4, 2024, Plaintiff filed a document titled "Order Requesting Default Judgment Fed. R. Civ. P. Rule 55." (Doc. 38.)

On May 5, 2025, the Court issued its Order Denying Plaintiff's Motion for Default Judgment as Premature and Order to Show Cause (OSC) re Defendant Bassi's Failure to File a Responsive Pleading. (Doc. 39.) As to the latter, the Court directed Bassi to respond in writing within 21 days and directed the Clerk of the Court to serve the order to Bassi "at all last known addresses, kept confidential and accessible only to Court employees, excepting the post office box in Chowchilla, California." (*Id*. at 4-5.)

On July 3, 2025, Plaintiff filed a Request to Enter Default of Sukhmani Bassi. (Doc. 41.) On October 16, 2025, Plaintiff filed a document titled "Motion Requesting an Interlocutory Order." (Doc. 43.)

---

[1] Former defense counsel was inadvertently not served with the Court's September 19, 2024, order, via the Court's Case Management/Electronic Case Filing (CM/ECF) system. The Court subsequently contacted counsel and he complied with the Court's directives as requested.

On May 4, 2026, this action was reassigned to the undersigned as magistrate judge following the retirement of Sheila K. Oberto. (Doc. 45.)

**II.    DISCUSSION**

Rule 55 of the Federal Rules of Civil Procedure provides:

> (a) **Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[a] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). And this Court's e-service pilot program provides that "CDCR shall file with the Court a 'CDCR Notice of E-Service Waiver,' advising if the defendants waive service of process without need for personal service by the United States Marshal. CDCR shall also advise if any defendant declines to waive service or could not be located." (Doc. 2, ¶ 5.)

Here, Defendant Bassi, against whom Plaintiff seeks relief for deliberate indifference to serious medical needs arising under the Eighth Amendment, has failed to plead or otherwise defend herself in this action. A review of the record for this action reveals that a waiver of service was filed on Bassi's behalf on April 19, 2024, making a responsive pleading due on or before May 21, 2024. (*See* Doc. 22.) Thereafter, the Court granted two extensions of the responsive pleading deadline, ultimately resetting the deadline to August 5, 2024. (*See* Docs. 24 & 26.)

Following the extensions, on July 30, 2024, Deputy Attorney General John W. Nam filed a motion to withdraw as counsel for Defendant Bassi (*see* Doc. 27) that was ultimately granted by the Court on September 19, 2024 (*see* Doc. 34). More specifically, Deputy Attorney General Nam was directed to serve Defendant Bassi with a copy of the Court's Order at her last known address, the motion to withdraw as counsel of record was granted, Bassi was noted to be proceeding *in propria persona* as defendant in this action, and the Clerk of the Court was directed to keep

3

Defendant Bassi's law known address confidential. (*Id.* at 4-5.) Relatedly, on October 2, 2024, Defendant Bassi's last known addresses were filed under seal. (Doc. 35 [sealed].) Thereafter, despite being served at various last known addresses, Defendant Bassi failed to respond to the Court's October 15, 2024, Order and the OSC issued May 5, 2025.[2]

Because Defendant Bassi was represented by counsel when the waiver of service was filed on April 19, 2024, Bassi was obligated to file a responsive pleading despite the fact defense counsel's motion to withdraw as counsel for Bassi was granted. *See, e.g.*, *Marsh v. Vegianelli*, No. 1:09-cv-01243-GSA-PC, 2012 WL 5505079, at *1 (E.D. Cal. Nov. 13, 2012) (concluding, in relevant part, "that defendants Cano, Lovell, and Morgan timely waived service under Rule 4(d), causing their 'answer or motion under Rule 12' to be due 'within 60 days …'"); *Stephen v. Zhang*, No. CIV S-09-1516 MCE EFB (TEMP) P, 2011 WL 2516244, at *2, fn. 3 (E.D. Cal. June 21, 2010) (directing Clerk to enter default of two defendants who executed waivers but failed to respond to second amended complaint); *Tyler v. Smith*, No. 1:04-cv-06638-LJO-YNP PC, 2010 WL 530196, at *1 (E.D. Cal. Feb. 9, 2010) ("The Court received a waiver of service from Defendant Smith on June 20, 2008. … Since then, Defendant Smith has not filed a responsive pleading. Pursuant to Federal Rule of Civil Procedure 55(a), default may be entered against a party that fails to plead or otherwise defend within the time set forth in the Federal Rules. Accordingly, Plaintiff's request for entry of default will be granted"). Following a waiver of service, Bassi failed to file a responsive pleading. Notably too, Bassi was served with the Court's July 31, 2024, September 19, 2024, October 15, 2024, and May 5, 2025, Orders, but has failed to respond in any way. As a result, Plaintiff is entitled to entry of default by the Clerk. *See* Fed. R. Civ. P. 55(a).[3]

//

---

[2] Mail directed to Defendant Bassi by the Court was returned by the United States Postal Service on October 23, 2024, and May 12, 2025.

[3] Entry of default does not automatically result in granting of a default judgment. *Pepsico, Inc. v. Triunfo-Mex, Inc.,* 189 F.R.D. 431, 432 (C.D.Cal.1999) (citing *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980)). Plaintiff is advised that the Court may set aside this entry of default for good cause pursuant to Rule 55(c).

4

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. The Clerk of the Court **SHALL** enter the default of Defendant Sukhmani Bassi pursuant to Rule 55(a) of the Federal Rules of Civil Procedure;

2. Further, the Clerk of the Court **SHALL** serve a copy of this Order, and any related docket entry concerning entry of default, on Defendant Bassi at all last known addresses on file with, and kept confidential by, the Court; and

3. This Order **RESOLVES** Plaintiff's request filed July 3, 2025 (Doc. 41) and motion filed October 16, 2025 (Doc. 43).

IT IS SO ORDERED.

Dated:    **May 26, 2026**                    _____

                                        UNITED STATES MAGISTRATE JUDGE