UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KADEEM EDWARDS,<br>Plaintiff,<br>v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br>Defendants. | 1:23-cv-01180-KES-EGC (PC)<br>**FINDINGS AND RECOMMENDATIONS TO GRANT IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND TO DENY PLAINTIFF'S MOTION FOR INDEMNIFICATION**<br>(Docs. 48, 49)<br>**14-DAY OBJECTION PERIOD** |

Plaintiff Kadeem Edwards is a state prisoner proceeding *pro se* and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Sukhmani Bassi ("Bassi") on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim. Pending before the Court are Plaintiff's motion for default judgment against Bassi (Doc. 49) and his motion requesting damages by way of indemnification (Doc. 48). For the reasons below, the undersigned recommends that the motion for default judgment (Doc. 49) be GRANTED IN PART and that the motion for indemnification (Doc. 48) be DENIED.

## I. BACKGROUND

### A. Plaintiff's Allegations

Plaintiff underwent oral surgery on December 2, 2022, to remove a retained bullet from

his left jaw, and his primary care provider ordered Tylenol with codeine three times daily for three days. (Doc. 1 at 3, 10, 14.) Plaintiff alleges that at approximately 5:15 p.m. on December 3, 2022, Defendant Bassi, a licensed vocational nurse at Valley State Prison, refused to administer his third dose of the day, stating there was no order in the system and that she would have to call for authorization. (*Id.* at 3.) Plaintiff returned and again requested his medication, but Bassi refused to administer the medication his provider had ordered. (*Id.*) Plaintiff became irate and argued with Bassi, and he was escorted from the medication window. (*Id.*) He alleges he suffered excruciating acute jaw pain, insomnia, and mental anguish until he received a dose at approximately 7:00 a.m. the next morning. (*Id.*) He seeks $10,000.00 in actual, compensatory, and punitive damages. (*Id.* at 4.)

The Court screened the complaint and found that it states a cognizable Eighth Amendment deliberate indifference claim against the then-unidentified nurse, “Jane Doe L.V.N.," but no claim against CDCR or John Does 1 through 10.[1] (Doc. 10 at 6-7.)

**B. Procedural History**

The procedural history through entry of default is set forth in the undersigned’s May 26, 2026 order, which is incorporated here. (Doc. 46 at 1-4.) In brief, the Attorney General’s Office filed a waiver of service on Bassi’s behalf on April 19, 2024 (Doc. 22), obtained two extensions of the responsive-pleading deadline (Docs. 24, 26) and then moved to withdraw because Bassi had stopped communicating with counsel (Docs. 27, 31). The Court granted the motion to withdraw, and Bassi has since proceeded *pro se*. (Doc. 34.) She did not respond to the Court’s order requiring a responsive pleading (Doc. 37) or its order to show cause (Doc. 39). On May 26, 2026, the Court directed the Clerk to enter Bassi’s default, and the Clerk did so. (Docs. 46, 47.) The Clerk mailed those documents to Bassi’s four last known addresses; only the mailings to the Fowler and Santa Cruz addresses were returned as undeliverable.

On June 24, 2026, Plaintiff filed the pending motions. (Docs. 48, 49.) Plaintiff served both motions on the Clerk and on Bassi’s former counsel. (Doc. 48 at 4.) Bassi has not responded.

---

[1] Plaintiff elected to proceed on the cognizable claim (Doc. 11), the remaining claims and defendants were dismissed (Doc. 14), and Plaintiff later identified Jane Doe as Bassi (Docs. 16, 17).

## II. MOTION FOR DEFAULT JUDGMENT

### A. Legal Standard

After the Clerk enters a party's default under Rule 55(a), the Court may enter default judgment under Rule 55(b)(2). Entry of default does not automatically entitle the plaintiff to judgment; the decision is discretionary. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). In exercising that discretion, the Court considers: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Upon default, the well-pleaded factual allegations of the complaint, except those concerning damages, are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). But necessary facts not contained in the pleadings, and claims that are legally insufficient, are not established by default. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). A default judgment may not differ in kind from, or exceed in amount, what is demanded in the pleadings. Fed. R. Civ. P. 54(c).

### B. Jurisdiction, Service, and Notice

Before entering default judgment, a court must assure itself of its jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court has federal-question jurisdiction over Plaintiff's section 1983 claim. 28 U.S.C. § 1331.

The Court also has personal jurisdiction over Bassi. The events at issue occurred at Valley State Prison in Chowchilla, California, where Bassi was employed. (Doc. 1 at 1, 3.) Bassi waived formal service through counsel under Rule 4(d). (Doc. 22.) Her counsel attested that CDCR confirmed Bassi had requested representation from the Attorney General's Office for this action and had been advised that she was required to cooperate with the defense. (Doc. 27-1 at 1-2, ¶ 2.) The waiver therefore was executed with Bassi's authority, and she had actual notice of this

lawsuit. As the undersigned has already found, Bassi was bound by that waiver and obligated to respond to the complaint notwithstanding her counsel's later withdrawal. (Doc. 46 at 4.)

Because Bassi appeared in this action through counsel, she is entitled to written notice of the application for default judgment at least seven days before it is decided. Fed. R. Civ. P. 55(b)(2); *see Wilson v. Moore & Assocs., Inc.*, 564 F.2d 366, 369 (9th Cir. 1977). Plaintiff served his motion only on Bassi's former counsel. (Doc. 48 at 4.) To ensure Bassi receives notice, the Clerk will be directed to serve these findings and recommendations, together with Plaintiff's motions, on Bassi at each of her last known addresses. Service by mail to a person's last known address is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C); L.R. 135(e). The 14-day objection period afforded below gives Bassi more than the seven days' notice Rule 55(b)(2) requires before the assigned district judge rules on the motion.

**C. The *Eitel* Factors**

*1. Possibility of Prejudice to Plaintiff*

The first *Eitel* factor favors the entry of default judgment, as it considers the possibility of prejudice to the plaintiff if a default judgment is not entered. *Eitel*, 782 F.2d at 1471. Here, Bassi has not participated in this action since her counsel withdrew in September 2024. Absent default judgment, Plaintiff has no means of obtaining relief on his claim. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

*2-3. Merits of the Claim and Sufficiency of the Complaint*

The second and third factors, considered together, favor default judgment. Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A plaintiff must show (1) a serious medical need, meaning that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) that the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference requires a purposeful act or failure to respond to the prisoner's pain or medical need and harm caused by the indifference. *Id.* The official must know of and disregard an excessive risk to inmate health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, the complaint satisfies both prongs. Plaintiff had undergone surgery to remove a bullet from his jaw the day before, and his provider had prescribed narcotic pain medication for the following three days. (Doc. 1 at 3, 10, 14.) Chronic and severe pain constitutes a serious medical need. *See Ibarra v. Zamora*, No. 117CV00144MJSPC, 2017 WL 3009199, at *3 (E.D. Cal. July 14, 2017) (citing *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014)). Plaintiff alleges that Bassi knew of his need for pain medication and refused to administer the medication his provider had ordered, leaving him in acute pain overnight. (Doc. 1 at 3.) Taken as true, those allegations state a claim that Bassi purposefully failed to respond to Plaintiff's pain, causing him harm. The Court reached the same conclusion at screening. (Doc. 10 at 6.)

The Court notes that the exhibits to the complaint include a medication administration record in which Bassi documented that the dose was "Not Done" because Plaintiff was agitated and cursing, and that Plaintiff was asked to leave the medication line. (Doc. 1 at 17.) The Court need not accept allegations contradicted by exhibits attached to the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). But Bassi's notation does not contradict Plaintiff's allegations. Plaintiff alleges that Bassi refused the dose before he became irate, by stating that no order existed, when the record confirms the order had been entered the day before. (Doc. 1 at 3, 17.) Bassi's notation reflects her account of the encounter; it does not establish that account as fact, and by defaulting, Bassi forfeited the opportunity to prove it.

*4. Sum of Money at Stake*

The fourth *Eitel* factor examines whether a sum of money at stake is proportionate to the harm defendant is responsible for causing plaintiff. *Eitel*, 782 F.2d at 1471; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. Here, the fourth factor favors default judgment. Plaintiff seeks $10,000.00, and the undersigned recommends a substantially smaller award. The amount is modest and proportionate to the conduct alleged.

*5. Possibility of Dispute Concerning Material Facts*

The fifth *Eitel* factor considers the possibility that material facts may be in dispute. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Eitel*, 782 F.2d at 1471-72. Here, the fifth factor favors default judgment. Because Bassi has defaulted, the well-pleaded allegations of the

complaint are taken as true, and no genuine dispute of material fact is before the Court. *TeleVideo*, 826 F.2d at 917-18; Fed. R. Civ. Proc. 8(b)(6).

*6. Whether Default Was Due to Excusable Neglect*

The sixth *Eitel* factor considers whether the defendant's default may have been the product of excusable neglect. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see Eitel*, 782 F.2d at 1471-72. Here, the sixth factor favors default judgment. Bassi knew of this action: she requested representation from the Attorney General's Office and was advised that she must cooperate in her defense. (Doc. 27-1 at 1–2, ¶ 2.) She then failed to respond to repeated attempts by counsel to contact her by telephone, email, and certified mail. (Doc. 27-1 at 2, ¶¶ 3–6; Doc. 31 at 3-4, ¶¶ 3-7.) Further, Bassi did not respond to the Court's order requiring a responsive pleading (Doc. 37) or its order to show cause (Doc. 39). Nothing in the record suggests her default resulted from excusable neglect.

*7. Policy Favoring Decisions on the Merits*

*Eitel* finally considers, as a stand-alone factor, "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1472. This seventh factor always weighs against default judgment. *Id.* But that policy is not dispositive where, as here, the defendant's failure to participate makes a decision on the merits impractical. *See PepsiCo*, 238 F. Supp. 2d at 1177.

On balance, the *Eitel* factors favor entry of default judgment against Bassi.

## III. DAMAGES

Allegations concerning the amount of damages are not taken as true upon default; the plaintiff must prove them. *TeleVideo*, 826 F.2d at 917-18; *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Rule 55(b)(2) permits, but does not require, a hearing to determine damages. A hearing is unnecessary where, as here, the record is sufficient to determine an appropriate award. Plaintiff's complaint is signed under penalty of perjury (Doc. 1 at 4), and the undersigned treats it as evidence of the facts within Plaintiff's personal knowledge. Plaintiff has offered no further evidence of damages; his motions refer only to the prayer for relief in the complaint. (Doc. 48 at 3; Doc. 49 at 2.)

**A. Compensatory Damages**

Plaintiff has established that he went without one prescribed dose of pain medication on the evening of December 3, 2022, and experienced acute jaw pain and insomnia until his next dose the following morning. (Doc. 1 at 3, 17-18.) He had received his morning and midday doses that day, and he resumed his prescribed regimen the next morning. (*Id.* at 17-18.) Plaintiff does not allege any lasting injury, complication, or further treatment resulting from the missed dose.

Here, Plaintiff requests $10,000.00 in damages. However, the undersigned finds that an award of $2,500.00 is appropriate. In *Cortinas v. Mora*, No. 1:10-CV-02270 LJO, 2013 WL 3863927, at *3 (E.D. Cal. July 24, 2013), plaintiff, a state prisoner, alleged that defendant, a licensed vocational nurse, denied him pain medication off and on for six weeks as a form of punishment and because of plaintiff's religion. Issuing findings and recommendations on plaintiff's motion for default judgment after defendant failed to appear, the assigned magistrate judge declined to recommend granting plaintiff's request of $25,000.00 in damages, and instead recommended that $2,500.00 in damages would be appropriate as a "symbolic vindication" of plaintiff's constitutional rights.[2] *Id.* at *1-3. The undersigned finds that the factual allegations in *Cortinas*, where the plaintiff suffered multiple denials of medication over the course of six weeks, exceed the circumstances of the factual allegations here where Plaintiff suffered one instance of denial of medication. Nonetheless, the undersigned recommends that Plaintiff be awarded $2,500.00 in compensatory damages.

**B. Punitive Damages**

Punitive damages are available in a section 1983 action when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005). Their award is discretionary. *Smith*, 461 U.S. at 52.

---

[2] The assigned district judge adopted the findings and recommendations with a minor modification that the $2,500.00 damages are compensatory, rather than nominal as the magistrate judge had described. Order Modifying in Part and Adopting Findings and Recommendations, and Granting Plaintiff's Motion for Default Judgment at 2, C*ortinas v. Lockwood et al.*, No. 1:10-cv-02270-LJO-DLB, ECF No. 32 (E.D. Cal. Aug. 29, 2013).

The undersigned declines to recommend punitive damages. Plaintiff's allegation that Bassi acted with "malice intent" is conclusory and is not a well-pleaded fact deemed admitted by default. (Doc. 1 at 3.) The established facts show a single refused dose during a heated exchange at the medication window, followed by resumption of Plaintiff's prescribed regimen the next morning. (*Id.* at 3, 17-18.) That conduct, while sufficient to support liability, does not reflect the evil motive or reckless indifference that would warrant punitive damages.

**C. Total**

The undersigned recommends that judgment be entered against Bassi in the amount of $2,500.00, which does not exceed the amount demanded in the complaint. Fed. R. Civ. P. 54(c). Post-judgment interest shall accrue as provided by 28 U.S.C. § 1961.

## IV. MOTION FOR INDEMNIFICATION

Plaintiff asks the Court to order that the damages in his complaint be paid "by way of indemnification," whether or not Bassi can be located. (Doc. 48 at 1-3.) He argues that the Attorney General's Office should not have been permitted to obtain extensions on Bassi's behalf, that the caption of his complaint names CDCR as the defendant, that CDCR is subject to the consent decree in *Plata v. Newsom*, No. 01-cv-01351-JST (N.D. Cal.), and that officials sued in their individual capacities are normally represented by the government. (*Id.* at 1-2 (citing *Hafer v. Melo*, 502 U.S. 21, 31 (1991)).) The motion should be denied.

First, CDCR is not a party to this action. The Court dismissed CDCR at screening because it is a state agency entitled to Eleventh Amendment immunity from suits for damages in federal court. (Doc. 10 at 6-7; Doc. 14); *see Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). CDCR also is not a "person" subject to suit under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The caption of the original complaint does not change that result; the case proceeds only against Bassi. The Court cannot enter judgment against, or order payment by, a non-party.

Second, whether the State indemnifies its employee is a matter of state law between the State and that employee. *See* Cal. Gov't Code § 825. It does not give Plaintiff a right to judgment against the State, and the possibility of indemnification does not convert Plaintiff's individual-

capacity claim against Bassi into a claim against the State. *See Demery v. Kupperman*, 735 F.2d 1139, 1146-48 (9th Cir. 1984).

Third, the *Plata* consent decree does not provide a basis for damages in this action. Remedial orders and consent decrees do not create rights enforceable through an individual section 1983 damages claim. *Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir. 1996).

Finally, the extensions of time granted to Bassi's former counsel were within the Court's discretion under Rule 6(b) and provide no basis for relief against a non-party.

Accordingly, Plaintiff's motion for indemnification should be denied. This recommendation does not affect Plaintiff's ability to enforce any judgment entered against Bassi.

## V. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the undersigned **RECOMMENDS** that:

1. Plaintiff's motion for default judgment (Doc. 49) be **GRANTED IN PART**;
2. Judgment be entered in favor of Plaintiff and against Defendant Sukhmani Bassi in the amount of $2,500.00 in compensatory damages;
3. Plaintiff's request for punitive damages be **DENIED**;
4. Plaintiff's motion requesting relief damages via indemnification (Doc. 48) be **DENIED**; and,
5. The Clerk of the Court be directed to close this case.

The undersigned **DIRECTS** the Clerk of the Court to serve a copy of these Findings and Recommendations, together with Plaintiff's motions (Docs. 48, 49), on Defendant Bassi at each of her last known addresses on file with, and kept confidential by, the Court, excepting the post office box in Chowchilla, California.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall

not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **October 21, 2026**

Erin Sung Castillo
UNITED STATES MAGISTRATE JUDGE